**Arutyun DEMIRCHYAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73326.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 2008.*

Filed May 15, 2008.

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Peter H. Matson, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: NOONAN, W. FLETCHER, and GOULD, Circuit Judges.

### MEMORANDUM [**]

Arutyun Demirchyan appeals the denial of his motion to reopen his deportation proceedings. The parties are familiar with the facts of the case; we proceed to the law.

Because Demirchyan did not appeal the August 29, 2005 decision of the immigration judge (IJ), that decision is outside the scope of our review. We review denials of motions to reopen for abuse of discretion, and will reverse only where the denial is " 'arbitrary, irrational, or contrary to law.' " *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (quoting *Ahwazi v. INS*, 751 F.2d 1120, 1122 (9th Cir.1985)). In this case, we find no abuse of discretion in the denial of the motion to reopen. Given Demirchyan's previous success in obtaining documents from Armenia, there was not an adequate explanation of why the new documents could not have been secured prior to the hearing on remand. Further, the evidence was cumulative; it did not go to the heart of the IJ's problem with Demirchyan's citizenship claim, namely his lack of credibility and the fact that all documentary evidence arising prior to the proceedings indicated a 1976 birth date.

We nonetheless retain jurisdiction to determine Demirchyan's claim of citizenship. 8 U.S.C. § 1252(b)(5). Because we find that the government's documentary evidence "would be refuted by the testimony of petitioner's witnesses if that testimony were accepted by the trier of fact, there is plainly a genuine issue of material fact ... on the question of petitioner's citizenship." *Agosto v. INS*, 436 U.S. 748, 761, 98 S.Ct. 2081, 56 L.Ed.2d 677 (1978) (internal citation omitted). We must therefore transfer the case to the district court for a de novo review of Demirchyan's citizenship claim. 8 U.S.C. § 1252(b)(5)(B); *Agosto*, 436 U.S. at 756–57, 98 S.Ct. 2081.

The matter is TRANSFERRED to the United States District Court for the Central District of California. The petition for review is HELD IN ABEYANCE.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.